IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES K. CURTIS, ) | |
| ) | |
| Petitioner, ) | Case No. CV 06-252-S-LMB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| COMMISSIONER, SOCIAL SECURITY ) | **AND ORDER** |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is Charles K. Curtis' Petition for Review seeking review of the final decision of Respondent denying his claim for Title XVI Supplemental Security Income benefits. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Charles K. Curtis ("Petitioner" or "Claimant") applied for Supplemental Security Income under Title XVI of the Social Security Act on April 3, 2003. (AR 61). Initially, Petitioner alleged disability beginning December 15, 2000 based on post traumatic stress disorder (AR 91). Petitioner's application was denied initially (AR 41-45) and again after reconsideration (AR 35-39). Petitioner filed a timely request for a hearing before an Administrative Law Judge (AR 34).

**MEMORANDUM DECISION AND ORDER - 1**

The ALJ held a hearing on March 9, 2005 at which time Petitioner, represented by counsel, appeared and testified. (AR 197). Dina J. Galli, M.Ed., a vocational expert, also testified. (AR 225).

At the time of the hearing Petitioner was 51 years old. (AR 28, 61). Petitioner completed high school and approximately two years of college. (AR 97). In addition, Petitioner received specialized training to work as a Licensed General Contractor. (AR 97). Petitioner's prior work history was primarily in construction. (AR 201). At the hearing, Petitioner changed his alleged on-set date to March 19, 2003 and testified that he was disabled due to post traumatic stress disorder, as well as depression, anxiety, post-concussion syndrome, tinnitus, dizziness, headaches, and "multi-level cervical degenerative disc disease with encroachment on the central canal and multiple bulges and protrusions." (AR 200).

On July 8, 2005, the ALJ issued a decision denying Petitioner's claim because he found that Petitioner's severe impairments do not meet or equal any listing of impairments under Appendix 1, Regulations No. 4. (AR 23). Petitioner requested the Appeals Council review the ALJ's decision. (AR 6-8). The Appeals Council denied Petitioner's request on April 28, 2006 (AR 3-5) making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Petitioner timely filed this instant action. Petitioner argues that the ALJ erred by: (1) failing to properly support his findings that the Petitioner was not credible and (2) failing to consider evidence related to an alleged cervical spine injury and headaches. *Petitioner's Brief*, p. 5 (Docket No. 14). Petitioner argues that this evidence supports additional, exertional limits on Petitioner's residual functional capacity. *Id.* at 6. Petitioner requests that the ALJ's decision be reversed or, in the alternative, this matter be

**MEMORANDUM DECISION AND ORDER - 2**

remanded in order to allow the ALJ an opportunity to further evaluate the evidence and obtain additional vocational testimony.  *Id.* at 8.

## II.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards.  42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).  Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  The standard requires more than a scintilla but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the

**MEMORANDUM DECISION AND ORDER - 3**

conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019.

The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id*.  However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Id*. at 1095 (citation omitted).

## III.

## DISCUSSION

**A.     Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a five-part sequential process in determining whether a person is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520, 416.920 (1997).  The first step in the sequential process

**MEMORANDUM DECISION AND ORDER - 4**

requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). In the instant action, the ALJ concluded that Petitioner has not performed any substantial gainful activity since March 19, 2003, the alleged onset date of disability. (AR 20).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ found that Petitioner has been diagnosed with post traumatic stress disorder and depression and that these impairments more than minimally limit Petitioner's ability to perform basic work activities and are thus severe. (AR 22).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the answer is in the affirmative, the claimant is disabled and benefits are awarded. 20 C.F.R. § 404.1520(d). The ALJ concluded that Petitioner's severe impairments do not meet or equal any listing of impairments under Appendix 1, Regulations No. 4. (AR 23).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ found Petitioner does have severe mental impairments and retains the residual functional capacity for only unskilled work activity. (AR 25). Given Petitioner's residual functional capacity and based on the vocational expert's testimony, the ALJ concluded that Petitioner cannot perform past relevant work. (AR 26).

**MEMORANDUM DECISION AND ORDER - 5**

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  In this respect, the ALJ concluded that occupations exist in significant job numbers in the national economy which Petitioner is capable of performing, e.g. house sitter, kitchen helper, auto detailer, folder.  (AR 27).  Therefore, the ALJ concluded that Petitioner is not disabled.  (AR 27).

**B.     Analysis**

Petitioner alleges that the ALJ erred by finding Petitioner not credible and in determining Petitioner's residual functional capacity ("RFC").  As explained more fully below, the ALJ's decision was not in error as the ALJ made specific findings and provided clear and convincing support for his decision to discredit Petitioner's subjective pain and symptom testimony.  In addition, the ALJ's RFC finding is supported by substantial evidence in the record.

    1.     Credibility

Petitioner argues that the ALJ's finding that Petitioner was not credible is not supported by the evidence.  *Petitioner's Brief*, p. 5 (Docket No. 14).  Generally, in determining whether the claimant's subjective testimony regarding the severity of his symptoms is credible, "the ALJ may consider [claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [claimant's] testimony and [his] conduct, [claimant's] daily activities, [claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  *Light v. Soc. Security*

**MEMORANDUM DECISION AND ORDER - 6**

*Admin.*, 119 F.3d 789, 791 (9th Cir. 1997).  Further, the Ninth Circuit has held that "the ALJ may reject the claimant's testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so," and he "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ is in the best position to make such credibility determinations and, for this reason, the ALJ's credibility determinations are entitled to great weight.  *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990).  Resolution of conflicts in the testimony and of credibility questions is a function solely of the ALJ.  *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988).

In the instant action, the ALJ discounted Petitioner's subjective symptom complaints and their functional effect based on the "medical evidence, testimony and observations of the claimant during the hearing."  (AR 25).  The ALJ further stated "that the medical record does not support the claimant's subjective complaints, functional limitations and disabling health limitations to the degree alleged."  (AR 24).

With regard to the medical evidence, the ALJ noted that "since the closed head injury in December 2000, neurological examinations, EEG, EKG, MRI, and CT head scans have all been within normal limits.  The etiology of his dizziness is unclear and his alleged disabling headaches are also not supported by objective clinical and laboratory findings."  (AR 24).  In addition, the ALJ stated:

> The claimant has been diagnosed with post traumatic stress disorder and depression; however, mental status examinations have failed to establish the existence of any significant thought disorder or cognitive or memory deficits that would preclude the claimant from understanding, remembering or carrying out simple instructions.  The claimant only participated in mental health counseling for a short period of time . . . and in May 2003 he was encouraged by his

**MEMORANDUM DECISION AND ORDER - 7**

>counselor to seek employment.  The claimant did not participate in counseling
>from May 2003 until February 2004 when he indicated he was not interested in
>counseling.  The ALJ noted there is no evidence of treatment for any condition
>after February 2004.  Further, the claimant's activities of daily living are not
>significantly restricted.  He has been able to attend school since August 2004 and
>has actually done quite well . . . .  The record and testimony also indicate that he is
>able to attend to his personal needs, do household chores when he feels like it,
>grocery shop and drive.

(AR 25).

These findings regarding Petitioner's credibility are sufficiently specific to allow the Court to conclude that the ALJ's decision is based on permissible grounds and did not arbitrarily discredit Petitioner's testimony.  The ALJ provided clear and convincing support for his conclusion and the findings are supported by substantial evidence in the record.

Petitioner argues that the ALJ's determination regarding Petitioner's credibility is in error, because "[t]he evidence clearly shows an abnormal CT scan which is evidence for disabling headaches, as well as a possible cause for dizziness."  *Petitioner's Brief*, p. 6 (Docket No. 14).  Petitioner notes, "A CT Cervical Spine, dated December 16, 2000, showed that the Petitioner had multiple levels of degenerative disk disease and spondyosis."  (AR 168).  Petitioner also notes that he had an abnormal EEG in 2001.  (AR 102).

However, the CT Petitioner refers to was taken when Petitioner was admitted to the emergency room ("ER") for a head injury on December 16, 2000.  (AR 164-172).  The ER treatment notes state, "The patient denies neck or back pain."  (AR 164).  With regard to the CT specifically, the ER physician concluded, "CT of the cervical spine demonstrates some osteophytes, some degenerative changes but no evidence of an acute traumatic injury" (AR 165) and "CT of the head and neck are reasonably normal." (AR 166).  Similarly, the EEG was taken in September or October of 2001, less than a year after the head injury that caused Petitioner to

**MEMORANDUM DECISION AND ORDER - 8**

visit the ER. (AR 100-103). One treatment note indicates a "normal EEG" and "QEEG analysis reveals no additional diagnostic findings." (AR 103). Nonetheless, this same physician also stated that Petitioner had an abnormal EEG and the clinical impression was one of "post concussion syndrome with acute anxiety episodes or panic attacks." (AR 102).

The CT scan and EEG are insufficient to demonstrate that the ALJ's decision to discount Petitioner's subjective symptom and pain testimony was in error. The CT scan from December 2000 and EEG, taken less than a year later, may provide support for Petitioner's symptom testimony in 2000 and 2001. However, Petitioner's alleged on-set date was March 19, 2003, and the treatment notes from 2003 do not reflect any complaints of neck pain or discussion of post-concussion syndrome. (AR 113-130). The 2003 treatment notes demonstrate that Petitioner was concerned primarily with depression and anxiety and mentioned "occasional headaches" within that context. (AR 128).

Moreover, the overwhelming evidence in the record supports the ALJ's finding regarding Petitioner's credibility. For example, the ER treatment notes show that the Petitioner and police had varying accounts of how Petitioner was injured on his motorcycle. (AR 164). Petitioner claimed he was hit on the head with a flashlight and the police officers involved stated that Petitioner fell off his motorcycle. (AR 164). The ER physician apparently found the police officer's account more accurate. (AR 166). In addition, Dr. Michael Johnston, a psychologist examining Petitioner, stated that Petitioner "did not appear to be a fully-reliable historian" (AR 105) and noted that "the evaluation contained contradictory information." (AR 109).

**MEMORANDUM DECISION AND ORDER - 9**

In sum, the ALJ is charged with determining issues such as the credibility of the witness. Where, as here, the ALJ makes specific findings stating clear and convincing reasons why the Petitioner's subjective testimony is not credible, the decision will not be overturned on appeal.

### 2.     Residual Functional Capacity

Petitioner also argues that the ALJ's finding of Petitioner's residual functional capacity was improper, because the ALJ did not consider evidence of a cervical spine injury or headaches. *Petitioner's Brief*, pp. 5-6 (Docket No.14). Petitioner states, "Functionally, the severity of the cervical spine would have also imposed some 'exertional' limitations on the Petitioner." *Id.* at 6.

First, pain and dizziness are non-exertional impairments. *See Bellamy v. Sec'y of Health and Human Servs.*, 755 F.2d 1380, 1383 (9th Cir. 1985). Thus, the headaches and neck pain do not necessarily require exertional limitations. Second, as discussed above, the ALJ made all the findings necessary to uphold its decision to discount Petitioner's subjective pain and symptom testimony. This would include any alleged neck pain, especially in light of the fact that Petitioner has not provided any evidence that he sought treatment for neck pain. The only discussion of neck pain in the record occurred at the hearing (AR 222). Third, the ALJ provided Petitioner with a number of non-exertional limitations to address the mental stress and tension that could lead to the alleged headaches. The ALJ found that Petitioner is able to perform the full range of unskilled work that does not involve the following:

[1] working around dangerous, unprotected heights, machinery or chemicals;

[2] work at more than a low stress level . . . ;

[3] work at more than a low concentration level . . . ; and,

**MEMORANDUM DECISION AND ORDER - 10**

   [4] work at more than a low memory level . . . .

   Also, the work cannot require climbing ladders, scaffolds, etc.

(AR 25).

These conclusions were based, in part, on the ALJ's finding that "claimant does have severe mental impairments" (AR 26). These severe impairments include post traumatic stress disorder and depression.[1] (AR 25). Because Petitioner's "occasional headaches" were discussed in the context of his mental impairments and anxiety (AR 128), the non-exertional limitations should, in part, address Petitioner's complaints regarding headaches.

In sum, the ALJ did not have to consider the Petitioner's alleged neck pain and headaches in the RFC findings, as the ALJ properly found Petitioner's subjective symptom testimony not credible. Further, pain symptoms do not necessarily require exertional limitations, and the RFC's non-exertional limitations appear to address the headache issue to the extent such headaches are related to Petitioner's mental impairments. Because the RFC is based on substantial evidence in the record, the decision will not be reversed or remanded on appeal.

## IV.

## CONCLUSION

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards. Accordingly, the Court will not

---

[1] As previously noted, the ALJ specifically found, "[t]he claimant has been diagnosed with post traumatic stress disorder and depression; however, mental status examinations have failed to establish the existence of any significant thought process disorder or cognitive or memory deficits that would preclude the claimant from understanding, remembering or carrying out simple instructions." (AR 25).

**MEMORANDUM DECISION AND ORDER - 11**

substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

V.

**ORDER**

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.



DATED:  **October 1, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**